## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## ABILENE DIVISION

| | | |
|---|---|---|
| CLOUD NETWORK TECHNOLOGY | § | |
| USA INC., | § | |
| Plaintiff | § | |
| | § | |
| V. | § | C.A. No. 1:23cv28 |
| | § | |
| RRK TRUCKING INC. | § | |
| Defendant | § | |

## COMPLAINT

Cloud Network Technology USA Inc. ("Cloud"), Plaintiff herein, complains of RRK Trucking Inc. ("RRK"), Defendant herein, and in support would show as follows:

## I.
## PARTIES

1.      Plaintiff, Cloud Network Technology USA Inc. ("Cloud"), is a Texas corporation with its principal place of business in Houston, Texas.  Cloud is a citizen of Texas. Cloud was the owner of the Cargo made the basis of this lawsuit.  Cloud brings this action on its own behalf and on behalf of and for the interests of all parties who may be or become interested in the Cargo in question.

2.      Defendant, RRK Trucking Inc. ("RRK"), was and now is a California corporation or similar entity with its principal place of business in Corona, California. RRK is a citizen of California. RRK does not maintain a regular place of business in Texas or a designated agent for service of process. Keim may be served with Complaint and Summons via the Texas Secretary of State at its home office address, 12877 Clemson Drive, Corona, CA 92880.

## II.
## SUBJECT-MATTER JURISDICTION

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as Cloud and RRK are diverse in citizenship from each other and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## III.
## VENUE

4.      Venue is proper in the Northern District of Texas, Abilene Division, as the traffic accident made the basis of this lawsuit occurred in Nolan County, Texas, within this District and Division.

## IV.
## RESPONDEAT SUPERIOR

5.      Whenever Cloud alleges that RRK did any act or thing, it is meant that RRK's officers, agents, servants, employees or representatives did such act or thing and at the time such act or thing was done, it was done with the full authorization or ratification of RRK or done in the normal and routine course and scope of employment of RRK's officers, agents, servants, employees or representatives.

## V.
## FACTS

6.      On or about November 7, 2021, a truck carrying a shipment of computer servers ("Cargo") owned by Cloud was in the process of transporting the Cargo from Mexico to Virginia.  While in Texas, the truck carrying Cloud's Cargo came to a stop due to heavy traffic while traveling on I-20 through Nolan County, Texas.

7.      RRK failed to control its speed and caused a rear-end collision with the car directly behind the truck carrying Cloud's Cargo.  RRK's failure to control its speed caused

2

a chain-reaction rear-end collision with the truck carrying Cloud's Cargo, which damaged the Cargo beyond repair.  The Cargo was examined and sampled following the accident and found to be a total loss.

8.      The value of the Cargo in its undamaged condiction was $3,094,311.78.

## VI.
## NEGLIGENCE / NEGLIGENCE PER SE

9.      RRK was negligent in failing to control its speed, which negligence was the proximate cause of a the rear-end collision which rendered Cloud's cargo a total loss.  RRK was also negligent per se in going too fast for conditions in excess of a safe speed, which negligence was the proximate cause of the rear-end collision which rendered Cloud's cargo a total loss.

## VII.
## DAMAGES

10.     As a direct and proximate cause of the breaches and negligence set forth above, Cloud has suffered damages in the amount of at least THREE MILLION ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($3,100,000.00), plus prejudgment interest, postjudgment interest, and all costs of court.

## VIII.
## CONDITIONS PRECEDENT

11.     All conditions precedent necessary to maintain this lawsuit have been performed or have occurred.

## IX.
## PRAYER

12.     WHEREFORE, PREMISES CONSIDERED, Plaintiff Cloud prays that, upon final trial, Cloud have judgment against Defendant RRK as follows:

a.  Actual damages of at least $3,100,000.00 for the above-stated causes of action;

b.  Prejudgment interest and postjudgment interest at the maximum legal rate;

c.  All costs of court; and

d.  For such other and further relief, general or special, at law or in equity, to which Plaintiff Cloud may show itself justly entitled.

Respectfully submitted,

/s/ *Robert G. Moll*_____
ROBERT G. MOLL
Admitted ND Texas
Texas Bar No.: 00784622
1903 Blooming Park Lane
Katy, Texas 77450
Telephone:     (713) 540-2780
E-mail:          texlaw1992@aol.com

**ATTORNEY FOR PLAINTIFF**