IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CLOUD NETWORK TECHNOLOGY USA INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 1:23-CV-00028-H-BU |
| RRK TRUCKING INC., | § § § | |
| Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Due to recent developments explained below, the undersigned withdraws the previous Findings, Conclusions, and Recommendations (FCR) in this case, Dkt. No. 31, and replaces it with these Findings, Conclusions, and Recommendations. For the reasons explained below, the undersigned now RECOMMENDS that the Court STRIKE RRK's defenses and ORDER the Clerk to enter a default against RRK under Fed. R. Civ. P. 55(a). Additionally, the undersigned RECOMMENDS that the Court DENY Cloud's Motion for Default Judgment; DENY Cloud's Motion for Summary Judgment as premature, but without prejudice to refiling, if necessary; and DENY RRK's Motion to Defer as MOOT.[1]

## I.  JURISDICTION

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because Cloud (Texas) and RRK (California) are diverse, and Cloud seeks more than $75,000 in damages.

---

[1] Although the undersigned recommends below that Cloud's Motion for Default Judgment be denied, such denial should be without prejudice to Cloud re-filing the Motion after the Clerk enters a default, all as explained below.

1

Dkt. No. 1 at 1–2; Dkt. No. 10 at 1. The undersigned has the authority to submit the following Findings, Conclusions, and Recommendations after United States District Judge James Wesley Hendrix referred this case to the undersigned for pretrial management. Dkt. No. 7; 28 U.S.C. § 636(b)(1)(B).

## II.  FACTUAL BACKGROUND

Cloud alleges that on or about November 7, 2021, a truck owned by RRK rear-ended a car that then rear-ended a truck carrying Cloud's property. Dkt. No. 1 at 2–3. Cloud further alleges that it suffered approximately $3.1 million in property damage as a proximate result of the collision. *Id.* at 3.

## III.  PROCEDURAL HISTORY

Cloud brings this suit against defendant RRK regarding a motor vehicle accident that resulted in damage to Cloud's property. Dkt. No. 1. RRK was served on March 10, 2023, but did not file an answer or otherwise respond within 21 days as required by Rule 12. Cloud immediately moved for default judgment on April 3, 2023, but before entry of a default by the Clerk under Rule 55(a).[2] Dkt. No. 9. RRK filed its Answer on April 17, 2023. Dkt. No. 10. Eleven days later, on April 28, 2023, Cloud moved for summary judgment. Dkt. Nos. 11–13. Then on June 30, 2023, RRK filed its Motion asking the Court to defer consideration of Cloud's Motion for Summary Judgment. Dkt. No. 24.

---

[2] As addressed further below, a multi-step process must occur under Rule 55 before a default judgment may be entered. First, a default must occur. *N.Y. Life Ins. Co.* v. *Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "A default occurs when a defendant has failed to plead or otherwise respond to [a] complaint within the time required by the Federal Rules." *Id.* at 141. Once a default has occurred, "and that failure is show by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A party must then apply to the court for a default judgment. *Id.* at 55(b)(1)(2).

2

In the now-rescinded FCR, the undersigned addressed Cloud's Motion for Default Judgment and Motion for Summary Judgment, and RRK's Motion to Defer Consideration of Cloud's summary-judgment motion, Dkt. Nos. 9, 11, 24, respectively.

In the months following the entry of that FCR, the Court permitted counsel for RRK to withdraw and ordered RRK to retain new counsel and enter an appearance through them. Dkt. Nos. 36–37. RRK consented to the Motion to Withdraw and represented that it was aware of all pending deadlines in this case. Dkt. Nos. 36 at 2; 36-1. In the Order granting the Motion to Withdraw, the Court noted that RRK—being a corporation—must be represented by licensed counsel. Dkt. No. 37 at 1 (citing *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); *Sw. Express Co., Inc. v. Interstate Com. Comm'n*, 670 F.2d 53, 54–56 (5th Cir. 1982); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981)). The Court warned RRK that its failure to appear through counsel by December 11, 2023, would result in the undersigned recommending the striking of its defenses. Dkt. No. 37 at 2.

When RRK failed to heed the Court's instructions, the Court issued an Order to Show Cause requiring RRK to file no later than January 19, 2024, an explanation for its failure to timely appear through counsel and an argument for why the undersigned should not withdraw and reconsider the previous FCR recommending denial of Cloud's Motions. Dkt. No. 38. RRK failed to respond to the Order to Show Cause, and the deadline to do so has now passed.

## IV.  ANALYSIS

Before turning to the Motions that remain pending before the Court, the undersigned will address RRK's failure to appear through counsel and the effect, if any, that failure has on those Motions.

### A.  The Court should strike RRK's defenses and order the Clerk to enter a default against it.

A corporation may only appear before a court through licensed counsel. *Donovan*, 736 F.2d at 1005. When a defendant corporation lacks counsel, the court may strike its defenses and direct the clerk of courts to file an entry of default under Federal Rule of Civil Procedure 55(a). *Huffines Retail Partners, LP v. Atlas Apartments Acquisition, LLC*, No. 3:19-CV-2425-S-BH, 2021 WL 965920, at *2, 4 (N.D. Tex. Feb. 17, 2021) (Ramirez, J.) (citing *Donovan*, 736 F.2d at 1005), *report and rec. adopted*, 2021 WL 963755.

The Court notified RRK that it must retain new counsel when it granted RRK's Motion to Withdraw. Dkt. No. 37. That was more than two months ago; today—46 days past the deadline for RRK to appear through counsel—RRK has yet to do so. But RRK's noncompliance does not end there. The Court also called on RRK to show cause for its actions by January 19, 2024, however, that deadline has passed without a response. The Court warned RRK that its failure to comply would lead the undersigned to recommend that its defenses by stricken or to reconsider his original FCR. Dkt. Nos. 37 at 1–2; 38 at 2.

Confronted with RRK's repeated failures to comply with the Court's orders and its ongoing failure to appear through counsel, the undersigned RECOMMENDS that the Court strike RRK's defenses contained in its Answer, Dkt. No. 10. Additionally, the Court should

direct the Clerk to enter a default against RRK under Federal Rule of Civil Procedure 55(a). *See Huffines Retail Partners*, 2021 WL 965920, at *4; *Jackson v. Chick & Seafood Inc.*, No. 3:22-cv-1687-N-BN, 2023 WL 8007377, at *2 (N.D. Tex. Oct. 13, 2023), *report and rec. adopted*, 2023 WL 8005314.

> **B.  The Court should deny Cloud's Motion for Default Judgment because—as of now—it has not secured an entry of default.**

A multi-step process must occur under Federal Rule of Civil Procedure 55 before a court may enter default judgment against an unresponsive party. First, a default must occur. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "A default occurs when a defendant has failed to plead or otherwise respond to [a] complaint within the time required by the Federal Rules." *Id.* at 141 (emphasis deleted). Once a default has occurred, "and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). It is only then that a party may apply to the court for a default judgment. *Id.* at 55(b)(1)–(2). However, even if a clerk has entered a default and the non-defaulting party makes a motion for default judgment, the court maintains discretion as to whether to enter default judgment against a party. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citing 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2685).

It appears that a default occurred when RRK failed to file a response to Cloud's Complaint by the deadline imposed by the Federal Rules. But Cloud did not then ask the Clerk to enter RRK's default on the record. *See* Fed. R. Civ. P. 55(a). Instead, RRK immediately moved the Court for "a final default judgment" prior to the entry of the default on

5

the record. Dkt. No. 9 at 1. And that Motion fails to either assert that a default was entered by the Clerk or request that the Clerk do so. *See id*. at 1–2.

"Before a default judgment may be entered by the court, the moving party must obtain entry of default pursuant to Fed. R. Civ. P. 55(a)." *Beachhead, L.P. v. Solar Night Indus., Inc.*, No. 3:08-cv-0718-D, 2008 WL 4692856, at *1 (N.D. Tex. Oct. 23, 2008); *see also* 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 (4th ed. 1990). In other words, the entry of a default under Rule 55(a) is a prerequisite to granting a motion for default judgment under Rule 55(b). *Beachhead*, 2008 WL 4692856 at *1.

Because Cloud has neither sought nor obtained the entry of default as required by Rule 55(a), its Motion for Default Judgment is premature and should be denied without prejudice to it filing a motion for default judgment if the Court accepts the undersigned's recommendations above.[3] If Cloud files a renewed motion for default judgment, the undersigned recommends that the Court refer said motion to the undersigned to consider whether Cloud is entitled to default judgment and whether a hearing is necessary to determine damages.

---

[3] The undersigned also notes that since the filing of its Motion for Default Judgment, Cloud filed a Motion for Summary Judgment—eleven days after RRK filed its Answer—and three other substantive filings, including its part of the parties' Rule 26 Joint Report. In none of these filings has Cloud referenced its Motion for Default Judgment or asked for the entry of default on the record. Thus, it appears that while Cloud did not withdraw its Motion for Default Judgment, it has effectively abandoned it.

### C. Cloud's Motion for Summary Judgment is premature but should be denied without prejudice.

The undersigned now turns to Cloud's Motion for Summary Judgment, Dkt. Nos. 11–13. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020). The moving party "bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up). Thus, the moving party must "identify those portions of [the record] which it believes demonstrate [that] absence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Considering the rather unique circumstances presented here, the undersigned finds summary judgment is not appropriate at this time, for reasons explained in the rescinded FRC. If the Court accepts the undersigned's recommendation to strike RRK's defenses, the Court will have essentially ruled that RRK has not filed a responsive pleading. *See Huffines Retail Partners*, 2021 WL 965920, at *2, 4; *Jackson*, 2023 WL 8007377, at *2. Traditionally, courts consider motions for summary judgment premature when filed before there is a responsive pleading from the opposing party. *Rogers v. McLane*, No. 5:22-CV-130-BQ, 2022 WL 17418978, at *3 (N.D. Tex. Nov. 14, 2022) (collecting cases), *report and rec. adopted*, 2022 WL 17418016.

The undersigned understands that the procedural posture of this case is atypical. Nonetheless, the undersigned recommends that the Court deny Cloud's Motion for Summary Judgment as premature in the event that it strikes RRK's defenses. However, due to the unique circumstances here, the undersigned recommends that any denial of the Motion for Summary Judgment be without prejudice to Cloud renewing its Motion should it fail to secure a default judgment against RRK. In other words, the Court should except Cloud from Local Civil Rule 56.2(b)'s limit of a single motion for summary judgment for each party, in the event that it is necessary.

The undersigned concedes that the recommendations here appear at first to be inefficient and tortuous. But he believes that the processes outlined above will serve to best ensure that all parties' rights are protected.

### D. RRK's Motion to Defer Consideration of Cloud's Motion for Summary Judgment should be denied as moot.

Motions to defer under Rule 56(d) are generally reviewed with favor by courts in this circuit. *See Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 815–16 (5th Cir. 2017); *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016). The purpose of Rule 56(d) is "to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). For this reason, Rule 56(d) motions "should be liberally granted." *Id.* (citing *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).

Here, RRK's Motion to Defer the Court's consideration of Cloud's Motion for Summary Judgment should be denied as moot if the Court agrees with the findings and recommendations in this FCR.

## VI. CONCLUSION AND RECOMMENDATION

For the reasons explained above, the undersigned RECOMMENDS that the Court:

(1) STRIKE RRK's defenses contained in its Answer, Dkt. No. 10, and DIRECT the Clerk to enter a default under Rule 55(a) against RRK;

(2) DENY Cloud's Motion for Default Judgment without prejudice;

(3) DENY Cloud's Motion for Summary Judgment without prejudice; and

(4) DENY RRK's Motion to Defer.

## VII. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 26th day of January 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE