IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CLOUD NETWORK TECHNOLOGY USA INC., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:23-cv-00028-H-BU |
| RRK TRUCKING, INC., | § § § | |
| Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, Plaintiff Cloud Network Technology USA Inc. sues Defendant RRK Trucking Inc. regarding property damage sustained as a result of a motor-vehicle accident. Dkt. No. 1. Previously, the Court struck RRK's defenses and the Clerk entered default against RRK. Dkt. Nos. 40, 41. The case is now before the undersigned upon Cloud's Amended Motion for Default Judgment (Dkt. No. 42). For the reasons explained below, the Court should GRANT that Motion and enter judgment against RRK.

**I. JURISDICTION**

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because Cloud (Texas) and RRK (California) are diverse, and Cloud seeks more than $75,000 in damages. Dkt. No. 1 at 1–2; Dkt. No. 10 at 1. The undersigned has the authority to submit the following Findings, Conclusions, and Recommendations after United States District Judge

1

James Wesley Hendrix referred this case to the undersigned for pretrial management. Dkt. No. 7; 28 U.S.C. § 636(b)(1)(B).

## II.  FACTUAL BACKGROUND

Cloud alleges that on or about November 7, 2021, a truck owned by RRK rear-ended a car that then rear-ended a truck carrying Cloud's property, a shipment of computer servers. Dkt. No. 1 at 2–3. Cloud further alleges that it suffered approximately $3.1 million in property damage as a proximate result of the collision. *Id.* at 3; *see also* Dkt. No. 44. Cloud sued RRK as the sole defendant. Dkt. No. 1 at 3.

## III.  PROCEDURAL BACKGROUND

In November 2023, the Court permitted counsel for RRK to withdraw and ordered RRK to retain new counsel and enter an appearance through them. Dkt. Nos. 36–37. RRK consented to the Motion to Withdraw and represented that it was aware of all pending deadlines in this case. Dkt. Nos. 36 at 2; 36-1. In the Order granting the Motion to Withdraw, the Court noted that RRK—being a corporation—must be represented by licensed counsel. Dkt. No. 37 at 1 (citing *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); *Sw. Express Co., Inc. v. Interstate Com. Comm'n*, 670 F.2d 53, 54–56 (5th Cir. 1982); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981)). The Court warned RRK that its failure to appear through counsel by December 11, 2023, would result in the undersigned recommending the striking of its defenses. Dkt. No. 37 at 2.

When RRK failed to heed the Court's instructions, the Court issued an Order to Show Cause requiring RRK to file no later than January 19, 2024, an explanation for its

failure to timely appear through counsel. Dkt. No. 38. The Court also ordered RRK to explain why the undersigned should not withdraw and reconsider the previous FCR recommending denial of Cloud's Motion for Summary Judgment. *Id*. RRK failed to respond to the Order to Show Cause. The undersigned then withdrew the previous FCR and submitted a new FCR recommending that the Court strike RRK's defenses and direct the Clerk to enter a default against RRK. Dkt. No. 39.

The Court accepted that recommendation and on February 12, 2024, and the Clerk entered default against RRK. Dkt. Nos. 40, 41. The next day, Cloud filed its Amended Motion for Default Judgment. Dkt. No. 42; *see also* Dkt. Nos. 43–44. The briefing on that Amended Motion has now closed without a response by RRK.

## IV. LEGAL STANDARDS

A multi-step process must occur under Federal Rule of Civil Procedure 55 before a default judgment may be entered against a party. First, a default must occur. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "A default occurs when a defendant has failed to plead or otherwise respond to [a] complaint within the time required by the Federal Rules." *Id.* at 141. Once a default has occurred, "and that failure is show by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A party must then apply to the court for a default judgment. *Id.* at 55(b)(1)–(2).

A default judgment is considered "a drastic remedy" and is resorted to "only in extreme situations" where "'the adversary process has been halted because of an essentially unresponsive party.'" *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*,

3

432 F.2d 689, 691 (D.C. Cir. 1970)). Courts apply a three-step process to determine whether default judgment against a party is appropriate. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381 (W.D. Tex. 2008). First, a factors test is applied to determine if default judgment is procedurally warranted. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Second, courts analyze the merits of plaintiff's claims to determine if they "establish a valid cause of action." *Freightliner*, 548 F. Supp. 2d at 385 (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Lastly, courts assess the type of relief that should be granted. *See id.* at 386.

## V. ANALYSIS

### A. Default Judgment is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, courts apply a six-factor test. *Lindsey*, 161 F.3d at 893. Those factors are whether: (1) there are material issues of fact; (2) the moving party has been substantially prejudiced; (3) the grounds for default are well established; (4) the default is the result of a good-faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) upon motion, the Court would find itself obliged to set aside the entry of default judgment. *Id*.

Having considered the relevant factors, the undersigned finds that a default judgment is procedurally warranted. First, the Court has stricken RRK's defenses, which means that there are no material issues of fact in dispute. *See* Dkt. No. 40. When defendants default, they consequently "admit[] the plaintiff's well pleaded allegations of fact." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Additionally, Cloud has produced uncontroverted evidence of its damages. *See* Dkt. No. 44.

4

Second, Cloud has been prejudiced by RRK's inaction because Cloud has been unable to prosecute its claims for nearly four months due to RRK's lack of counsel. Moreover, prejudice can be found where, as here, the denial of a default judgment would leave a plaintiff without a proper remedy. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010).

Third, the grounds for default are well established for the reasons explained in the undersigned's resubmitted FCR (Dkt. No. 39). There is no question here that RRK was properly served, participated in this lawsuit, and was repeatedly warned of the consequences of failing to appear through counsel.

Fourth, RRK defied multiple court orders, thereby demonstrating the absence of good faith or excusable neglect on its part. *See* Dkt. No. 39. Nothing in the record indicates that RRK's failures to appear through counsel or otherwise respond to the Court's orders were the result of a "good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. And when defendants fail to engage in the litigation process without reason, courts continuously find that entering default judgment against defendants is not a harsh result. *John Perez Graphics & Design, LLC. v. Green Tree Inv. Grp., Inc.*, No. 3:12–CV–4194–M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (finding that defendant's failure to respond mitigated "the harshness of a default judgment"); *Joe Hand Promotions, Inc. v. Tacos Bar & Grill, LLC*, No. 3:16-cv-01889-M, 2017 F.3d at 893, at *2 (N.D. Tex. Jan. 26, 2017).

Finally, the Court would not be compelled to grant a motion to set aside a default judgment filed by RRK considering its continued failure to participate in this case. A

5

default judgment should be set aside upon motion to the court "unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense." *Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). Here, the default appears willful, Cloud will be prejudiced, and RRK now has no meritorious defense. Thus, it is unlikely that the Court would set aside the default judgment.

### B.   Entitlement to Default Judgment

Having found that a default judgment is procedurally warranted here, the Court must next assess whether the facts alleged in Cloud's Complaint establish a sufficient basis for relief. The entry of default means that RRK is deemed to have admitted Cloud's well-pleaded factual allegations. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. But the allegations in Cloud's Complaint must still comply with the sufficiency requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (stating that in determining the sufficiency of the pleadings for purposes of a default judgment motion the court looks to case law on Rule 8).

Rule 8 "requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8. A complaint must allege enough facts to state a plausible claim. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019). This requires a plaintiff to allege facts with enough specificity that a court is permitted to "infer more than the mere possibility of misconduct." *Id.* (quoting *Iqbal*, 556 U.S. at 678) (quoting, in turn, Fed. R. Civ. P. 8(A)(2)). The amount of detail and level of specificity necessary to state a plausible claim depends on the context

of each case. *Id.* (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008)). But when plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Cloud alleges that RRK is vicariously liable under the *respondeat superior* theory for the direct negligence of its driver. Dkt. No. 1 at 2–3. It also alleges a negligence *per se* claim against RRK's driver, but an analysis of that claim is unnecessary here.[1]

### 1. Negligence claim

A well-pleaded claim for negligence under Texas law must allege: "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996). It is axiomatic that drivers of motor vehicles have a duty "to exercise the ordinary care a reasonably prudent person would exercise under the same circumstances to avoid foreseeable risk of harm to others." *Ciguero v. Lara*, 455 S.W.3d 744, 748 (Tex. App. 2015). This includes the duty "to keep [one's] vehicle under control so as to avoid a collision with others[.]" *Choate v. Meredith*, 330 S.W.2d 548, 549 (Tex. Civ. App. 1959). And

---

[1] Based on Cloud's allegations, the applicable statute is Tex. Transp. Code Ann. § 545.351(b)(2) which imposes on drivers the duty to "control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway[.]" But when a statute simply restates the standard of ordinary care, and does not create a different duty than already exists at common law, it is redundant of the ordinary negligence standard and any negligence *per se* is subsumed under ordinary negligence. *See, e.g.*, *Louisiana-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998) (article 6701d, § 61(a), now Tex. Transp. Code § 545.062(a) (maintaining an assured clear distance and stopping without colliding)). Here, Cloud's negligence *per se* claim is premised on RRK's driver "going too fast for conditions in excess of a safe speed." Dkt. No. 1 at 3. Both this allegation and the statute simply restate the ordinary care standard.

proximate cause requires both that the duty's breach be a cause-in-fact of the harm and that the harm be a foreseeable consequence of the breach. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995).

Cloud alleges that RRK's driver "failed to control [his] speed and caused a rear-end collision with the car directly behind the truck carrying Cloud's Cargo." Dkt. No. 1 at 2. Cloud further alleges that RRK's driver's "failure to control [his] speed caused a chain-reaction rear-end collision with the truck carrying Cloud's Cargo, which damaged the Cargo beyond repair." *Id.* at 2–3. And, finally, Cloud alleges that RRK's driver's negligence "was the proximate cause of the rear-end collision," that "[t]he Cargo was examined and sampled following the accident and found to be a total loss," and that "[t]he value of the Cargo in its undamaged condition was $3,094,311.78," *Id.* at 3.

These allegations plausibly establish that RRK's driver had a duty to Cloud, that he breached that duty, and that Cloud suffered property damage as a proximate result of that breach. Through RRK's default, it is deemed to have admitted these well-pleaded allegations. *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

2.  *Respondeat superior*

"Under the theory of respondeat superior, . . . an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). "[P]roving an employer's vicarious liability for a worker's negligence involves a two-step process." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 138 (Tex. 2018). First, the worker must be shown to have been an employee at the time of the

8

alleged conduct. *Id.* And second, that employee must have been acting within the course and scope of his employment at the time. *Id.*

> In support of its *respondeat superior* theory, Cloud alleges:
>
> Whenever Cloud alleges that RRK did any act or thing, it is meant that RRK's officers, agents, servants, employees, or representatives did such act or thing and at the time such act or thing was done, it was done with the full authorization or ratification of RRK or done in the normal and routine course and scope of employment of RRK's officers, agents, servants, employees, or representatives.

Dkt. No. 1 at 2.

Elsewhere, and presumably in reliance on the allegations above, Cloud uses RRK's name in place of its driver's name. For example, Cloud pleads that "RRK failed to control its speed and caused a rear-end collision[.]" *Id.* at 2. And "RRK's failure to control its speed caused a chain-reaction rear-end collision[.]" *Id.* at 2–3. But Cloud does not directly allege that RRK's driver was employed by RRK or acting within the course and scope of that employment at the time of the accident.

Nevertheless, in evaluating the sufficiency of a complaint, as here, the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). And a complaint is factually sufficient, *i.e.*, its claims are plausible, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

9

Here, reasonable inferences from Cloud's allegations allow the Court to conclude that RRK's driver was plausibly an employee of RRK and acting in the course and scope of his employment at the time of the accident. Moreover, through its default, RRK is deemed to have admitted those allegations that place it in the shoes of its driver. *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

### C.    Calculation of Damages

Having now determined that a default judgment is procedurally warranted, and that Cloud has pleaded sufficient facts to plausibly support its claims, the undersigned turns to an assessment of the relief that should be granted.

A party's default does not result in them conceding to the other party's allegations of damages. *Jackson v. Fie Corp.*, 302 F.3d 515, 525 (5th Cir. 2002) (citing *U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)). Damages in a default context "must be proved by a hearing or a demonstration of detailed affidavits establishing the necessary facts." *Tubby v. Allen*, No. 6:16cv972, 2019 WL 4565072 at *5 (E.D. Tex. Sept. 3, 2019), *report and rec. adopted*, No. 6:16-CV-972-JDK-KNM, 2019 WL 4538028 (E.D. Tex. Sept. 19, 2019) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Ultimately, the "trial court has wide discretion in awarding damages." *Wheat v. United States*, 860 F.2d 1256, 1259 (5th Cir. 1988).

Rule 55(b)(1) allows the entry of a default judgment by the Clerk if the claim is for "a sum certain or a sum that can be made certain by computation." Otherwise, a party seeking a default judgment "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Here, although Cloud invokes the "sum certain" language of Rule 55(b)(1),

and characterizes its damages as "liquidated," *see* Dkt. No. 42 at 1, it appears to bring its motion under Rule 55(b)(2), asking the Court to enter default judgment. Moreover, while its damages may be susceptible to being "made certain by computation," they are not liquidated.[2]

The undersigned finds that the better approach here is to treat Cloud's motion as one under Rule 55(b)(2). That rule allows a court, upon application, to enter a default judgment against a party who has appeared in the case, as here, provided the defaulting party is given seven days written notice before any hearing. RRK has been on notice since at least the February 13 filing of Cloud's Amended Motion for Default Judgment that a default judgment against it was in the offing. More accurately, it has known that since the Court's January 3 Order to Show Cause.

But here, a hearing is unnecessary. Rule 55(b)(2) further provides that a court "may" conduct a hearing when, relevant here, "to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). The undersigned finds that the appropriate damages amount can be accurately determined without a hearing. Although Cloud's damages are not liquidated, they can be readily determined by computation under these unique facts.

Cloud has pleaded from the inception of this lawsuit that its cargo was valued at $3,094,311.78 and that the accident resulted in the cargo being a total loss. Dkt. No. 1 at 3.

---

[2] The term "liquidated damages" ordinarily refers to an acceptable measure of damages that parties stipulate in advance will be assessed in the event of a contract breach. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 664 (Tex. 2005).

11

It has three times now supported that claim with authenticated copies of its bill of lading, invoice, and a detailed post-accident professional assessment of the damage. *See* Dkt. Nos. 9, 13, 44.

Cloud's Amended Motion for Default Judgment now before the Court is supported by a brief and appendix. Dkt. Nos. 42–44. Included in the appendix, Cloud refiled a bill of lading and an invoice for the shipment of Cloud's servers reflecting a total value of $3,094,311.78. Dkt. No. 44 at 3. Both reflect dates of less than a week prior to the accident.[3] Cloud's appendix also contains excerpts from a Technical Evaluation Report reflecting a post-accident assessment of the shipment and its conclusion that the shipment should be declared a "total loss." *Id*. at 5–7.

RRK, through its then-counsel, filed objections to Cloud's Technical Evaluation Report on the basis that it contained "hearsay and impermissible expert opinion testimony in violation of Federal Rules of Evidence 701 and 702." *See* Dkt. No. 26 at 8–10. But whatever defenses RRK had to Cloud's damages evidence were struck by the Court's February 12 Order. This does not mean that RRK in defaulting conceded to Cloud's previously pleaded damages allegations. *See Jackson*, 302 F.3d at 525. But it does mean that RRK cannot stand mute when served, post-entry-of-default, with authenticated evidence establishing those damages with reasonable certainty. At that point, hearing or not, RRK had both the opportunity and the burden to challenge the accuracy of damages supported in Cloud's Amended Motion for Default Judgment. RRK failed to do so.

---

[3] The accident occurred on November 7, 2021, Dkt. No. 1 at 2, the bill of lading is dated November 1, 2021, Dkt. No. 44 at 3, and the invoice is dated November 7, 2021, *id*. at 4.

The undersigned finds that Cloud's unchallenged, post-default evidence of its damages is sufficient to demonstrate by a preponderance of the evidence that its damages as a result of this accident are in the amount of $3,094,311.78.

## VI.  CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court GRANT Cloud's Amended Motion for Default Judgment and enter judgment for property damages in the amount of $3,094,311.78, plus pre-judgment interest running from February 1, 2023, and post-judgment interest.

## VII.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 7th day of March 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE