IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

|  |  |  |
|---|---|---|
| CLOUD NETWORK TECHNOLOGY USA INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 1:23-CV-00028-H-BU |
| RRK TRUCKING INC., | § § § | |
| Defendant. | § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE

Previously, the Court entered a default judgment against Defendant RRK Trucking Inc., in favor of Plaintiff Cloud Network Technology USA Inc. Dkt. Nos. 47, 48. Now before the Court is Cloud's Motion for Turnover Order. Dkt. No. 48. For the reasons below, the undersigned RECOMMENDS that the Court GRANT the Motion.

## I.  BACKGROUND

The undersigned assumes the Court's and parties' familiarity with the history of this case.[1] On April 12, 2024, the Court entered a final default judgment for Cloud against RRK. Dkt. No. 47. Cloud filed its Motion for Turnover Order on May 1, 2024, and RRK has not filed a Response and the time to do so has now passed. Dkt. Nos. 48–50.

---

[1] A summary of the factual and procedural history of this case can be found in the undersigned's previous Findings, Conclusions, and Recommendations entered January 26, 2024. Dkt. No. 39 at 2–3.

As part of its efforts to collect on this judgment, Cloud's Motion asks the Court for an order turning over certain causes of action that RRK may have against its insurance carrier—United Specialty Insurance Company. Dkt. No. 48 at 1. Specifically, Cloud asks that the Court turnover RRK's potential causes of action against United Specialty under the *Stowers* doctrine and Texas Insurance Code § 541.060(a)(2)(A).[2] Much of Cloud's Brief in support of the Motion addresses the substance of a potential claim against United Specialty. Cloud's Motion also includes a request that the Court award reasonable and necessary attorney's fees in the amount of $3,000. *Id.*

## II. LEGAL STANDARDS

Texas law allows a judgment creditor to seek turnover relief against a judgment debtor for property that cannot be readily levied or attached through normal processes. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002. A creditor may seek turnover relief immediately after a court has entered a final judgment, and they need not show exhaustion of other remedies or provide additional notice. Fed. R. Civ. P. 64(a); *Childre v. Great S.W. Life Ins. Co.*, 700 S.W.2d 284, 286–87 (Tex. App.—Dallas 1985, no writ). Section 31.002 is "purely procedural" and cannot be used to determine substantive rights. *Europa Int'l, Ltd.*

---

[2] Under the doctrine established in *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929), an insured can sue his insurer for negligently failing to settle a third party's claim against the insured. *Trinity Universal Ins. Co. v. Bleeker*, 966 S.W.2d 489, 491 (Tex. 1998). Texas Insurance Code § 541.060(a)(2)(A) is similar, and the Texas Supreme Court has determined that the duty imposed by the Insurance Code is the functional equivalent of the *Stowers* duty. *See Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 77 S.W.3d 253, 262 (Tex. 2002). Thus, the undersigned will refer to these causes of action collectively as *Stowers* claims.

*v. Direct Access Trader Corp.*, 315 S.W.3d 654, 656 (Tex. App.—Dallas 2010, pet. denied); *Partain v. Maples*, 438 S.W.3d 69, 71 (Tex. App.—Corpus Christi 2013, no writ).

To provide relief under the turnover statute, a court must determine that: (1) the judgment debtor owns property, including present or future rights to property; (2) the property is not exempt from attachment, execution, or seizure; and (3) the property "cannot readily be attached or levied on or by ordinary legal process." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002; *Europa Int'l, Ltd.*, 315 S.W.3d at 656. Once a judgment creditor has proven that a judgment debtor owns the property, the burden shifts to the debtor to prove that the property is exempt from attachment. *Id.* (citing *Pillitteri v. Brown*, 165 S.W.3d 715, 722–23 (Tex. App.—Dallas 2004, no pet.)). If a party successfully obtains turnover relief, they are entitled to recover reasonable costs including attorney's fees. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(e).

### III. ANALYSIS

Cloud asks the Court to turnover potential causes of action RRK might have against United Specialty. Cloud has demonstrated that RRK owns the causes of action here because, as a general matter, it is the insured that owns a *Stowers* claim. *See Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 354–55 (5th Cir. 2023). With this, the burden now shifts to RRK to show that the causes of action are exempt from attachment. *Europa Int'l, Ltd.*, 315 S.W.3d at 656.

Causes of action are considered property and may be attached via a turnover order. *Associated Ready Mix, Inc. v. Douglas*, 843 S.W.2d 758, 762 (Tex. App.—Waco 1992, no pet.) (collecting cases). But this is not always the case for causes of action under *Stowers*

and § 541.060(a)(2)(A). For these causes of action, courts have refused to provide turnover relief when an insured has provided affirmative evidence that they were satisfied with their insurer's representation. *E.g.*, *Charles v. Tamez*, 878 S.W.2d 201, 208 (Tex. App.—Corpus Christi 1994, writ denied). But when there is no evidence that an insured is satisfied, or there is evidence that they are dissatisfied, Texas courts have turned over *Stowers* claims to a judgment creditor. *E.g.*, *D & M Marine, Inc. v. Turner*, 409 S.W.3d 853, 857–58 (Tex. App.—Fort Worth 2013, no pet.).

Put another way, a judgment debtor's *Stowers* claim against their insurer may be attached and turned over to a judgment creditor unless the debtor has provided evidence that they were satisfied with their insurer. Here, RRK has not responded to Cloud's Motion. Moreover, the undersigned finds no evidence otherwise signaling RRK's satisfaction with United Specialty. Thus, RRK has not demonstrated that the causes of action sought by Cloud are exempt from attachment. Accordingly, the undersigned finds that Cloud is entitled to turnover relief and reasonable attorney's fees in the amount of $3,000.

## IV.  RECOMMENDATION AND CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court GRANT the Motion for Turnover Order and award Cloud $3,000 in attorney's fees.

## V.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 11th day of June 2024.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE